UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LEONARD BARROW,

                    Plaintiff,

               -against-

CITY OF NEW YORK; Detective Christopher Goodwin, Shield No. 6956; Detective Christopher Zeffiro (Shield No. 1472); and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

12-CV-2820 (SLT)(VLS)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.  Plaintiff demands a trial by jury in this action.

## PARTIES

7.  Plaintiff Leonard Barrow ("plaintiff" or "Mr. Barrow") is a resident of Kings County in the City and State of New York.

8.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.  Defendant Detective Christopher Goodwin, Shield No. 6956 ("Goodwin"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Goodwin is sued in his individual and official capacities.

10. Defendant Detective Christopher Zeffiro, Shield No. 1472 ("Zeffiro"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Zeffiro is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 11:45 a.m. on February 7, 2012, Mr. Barrow was lawfully in the vicinity of 101 Humboldt Street, in Brooklyn, New York.

15. At that time, plaintiff, his sister and his nephew were lawfully walking in the abovementioned area.

16. When Mr. Barrow's nephew stopped to tie his shoe, defendant officers in plainclothes grabbed him.

17. When plaintiff asked the officers why they grabbed his nephew, defendants viciously threw plaintiff against a wall.

18. Plaintiff was handcuffed and taken to a police precinct.

19. At the time plaintiff was placed in handcuffs, defendants had no probable cause to arrest or otherwise detain him.

20. Approximately 26 hours later, plaintiff was transported to Brooklyn Central Booking.

21.  The officers falsely informed employees of the Kings County District Attorney's Office that plaintiff had obstructed governmental administration and engaged in disorderly conduct.

22.  The officers had not observed plaintiff engage in any unlawful activity or conduct.

23.  At arraignment, the criminal charges against plaintiff were adjourned in contemplation of dismissal.

24.  Plaintiff was released from Brooklyn Central Booking sometime in the evening of February 8, 2012.

25.  Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

26.  At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

27.  This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

28.  Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment and humiliation.

## FIRST CLAIM
### Unlawful Stop and Search

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

37. Plaintiff was conscious of his confinement.

38. Plaintiff did not consent to his confinement.

39. Plaintiff's confinement was not otherwise privileged.

40. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

41. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

47. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
## Failure To Intervene

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: January 30, 2013
New York, New York

_____

Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*